```
          UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF FLORIDA
            CASE NO. 09-23726-HOEVELER
```

MARK TERRY,

    Plaintiff,

v.

FAVIAN RODRIGUEZ, individually,
and the CITY OF MIAMI,

    Defendants.
_____/

## ORDER AND REASONS

BEFORE the Court is the motion to dismiss several claims in the plaintiff's amended complaint, filed by both defendants. The motion has been fully briefed and is ready for a decision. For the reasons that follow, the motion to dismiss is GRANTED in part and DENIED in part.

### Background

The plaintiff alleges that he was subjected to police misconduct, excessive force, false arrest, and malicious prosecution following a traffic stop by Officer Rodriguez of the Miami Police Department. According to the complaint, Officer Rodriguez has an impressive history of police misconduct documented through numerous citizen's complaints, formal reprimands, citations for use of force, suspensions, and investigations by Internal Affairs, the City of Miami Civilian Investigative Panel, and the Florida State Attorney's Office. He nevertheless remained on active duty to commit the acts complained of in the complaint, according

to the plaintiff. The plaintiff asserts numerous counts against both Officer Rodriguez and the City of Miami pursuant to 42 U.S.C. § 1983 and Florida's waiver of sovereign immunity law, § 768.28 of the Florida Statutes.

I.

In reviewing a motion to dismiss, the Court assumes that the allegations in the complaint are true and views all facts and inferences in the light most favorable to the nonmoving party. <u>Scott v. Taylor</u>, 405 F.3d 1251, 1253 (11th Cir. 2005). Under the notice pleading standard, a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 (2007).

II.

Both defendants seek dismissal of § 1983 claims in Count I (42 U.S.C. § 1983 claims against Officer Rodriguez, individually) and Count II (42 U.S.C. § 1983 claims against the City of Miami) premised on violations of the Eighth Amendment. In the plaintiff's response to the motion to dismiss, he concedes he inadvertently included the words "Eighth Amendment" in the heading of Counts I and II. The plaintiff submits, however, that the remainder of Counts I and II should not be dismissed because the facts alleged are enough to support § 1983 liability under the Fourth and Fourteenth Amendments--violations of which have also been alleged

in Counts I and II. The plaintiff is correct. The motion to dismiss Counts I and II is DENIED with the exception that the plaintiff's reference to the Eighth Amendment is stricken.

### III.

In Count IX the plaintiff alleges that the City of Miami is liable for Officer Rodriguez's abuse of process and malicious prosecution. With § 768.28, the Florida legislature waived sovereign immunity of state agencies for the misconduct of state employees, with the exception that state agencies would not be liable for acts or omissions committed by state employees "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a); Dist. Sch. Bd. of Lake County v. Talmadge, 381 So. 2d 698, 699-703 (Fla. 1980). The City of Miami argues it cannot be liable for the wrongdoing alleged in Count IX because the factual allegations make it clear Officer Rodriguez was acting outside the scope of his employment, or with bad faith and malicious purpose.

Federal Rule of Civil Procedure 8(e)(2) authorizes pleading in the alternative, and courts have noted the frequency with which § 768.28 plaintiffs resort to pleading "mutually exclusive" claims in the alternative against both a government entity (for negligence) and a individual employee (for malicious, bad faith conduct). See, e.g., Reyes v. City of Miami Beach, 2007 WL 4199606

at *3 (S.D. Fla. 2007); see also Bryan Media, Inc. v. City of St. Petersburg, 2005 WL 2371992 at *8 (M.D. Fla. 2005), citing Johnson v. Sackett, 793 So.2d 20, 23 (Fla. 2d DCA 2001). On the other hand, courts have also recognized the limits to a plaintiff's ability to advance "alternative" theories in § 768.28 cases where the factual allegations can only suggest malice or bad faith on the part of the individual defendant. See Sanchez v. Miami-Dade County, 2007 WL 1746190, at *4 (S.D. Fla. 2007) (municipal employer immune from suit where police handcuffed the plaintiff, instigated a fight between him and another citizen, then abandoned plaintiff far from home).

Although the plaintiff alleges in "Count IX--Abuse of Process [against the City of Miami]" that Officer Rodriguez "acted within the scope of his employment with the City," the plaintiff also alleges that the abuse of process was occasioned because Officer Rodriguez "intentionally falsely arrested Terry. . . and committed fraud upon Terry"; "Officer Rodriguez intentionally entered fabricated and untrue statement in the arrest affidavit"; "Officer Rodriguez acted with malicious purpose in falsifying the arrest affidavit and issuing seven bogus traffic tickets"; and Terry was damaged as a result of "Officer Rodriguez's malicious prosecution." These allegations can only equate with the kind of intentional, malicious misconduct by a state employee that does not give rise to municipal liability under Florida's waiver of sovereign immunity

4

statute. The alleged abuse of process and wrongful prosecution was explicitly caused by Officer Rodriguez's bad-faith conduct and, therefore, the claim against the City for the very same misconduct must be dismissed. Accordingly, it is hereby:

**ORDERED AND ADJUDGED:** The defendants' motion to dismiss Counts I and II is DENIED, with the exception that the plaintiff's claims for Eighth Amendment violations are voluntarily withdrawn. The City of Miami's motion to dismiss Count IX is GRANTED. Count IX is dismissed, without prejudice.

**DONE AND ORDERED** in Miami, Florida, June 4th, ~~May~~ __, 2010.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

<u>Copies Furnished</u>:   Counsel of Record